833 F.2d 1004
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CHRISTIAN KNIGHTS OF the KU KLUX KLAN INVISIBLE EMPIRE,
INC., Horace King, Plaintiffs-Appellants
v.
The TOWN OF ALLENDALE, SOUTH CAROLINA, Bruce McGougan, its
Town Clerk, Defendants-Appellees.
 No. 86-2642.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 7, 1987.
Decided: Nov. 20, 1987.
 
 C. Rauch Wise (Wise & Tunstall; George Daly on brief) for Appellants; Jeanne Gramling (Thomas O. Lawton, Jr. on brief) for Appellees.
 Before RUSSELL and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs have filed this action pursuant to 28 U.S.C. Sec. 1343 and 42 U.S.C. Secs. 1983 and 1988 for the redress of alleged constitutional violations suffered at the hands of the defendants herein. The plaintiffs are The Christian Knights of the Ku Klux Klan Invisible Empire, Inc. and its Grand Dragon for South Carolina, Horace King. The defendants are the Town of Allendale, South Carolina and its Clerk, Bruce McGougan, who is sued in his official capacity. The constitutional violations alleged were (1) that the defendants violated plaintiffs' right of free speech under the First Amendment by unduly delaying to grant a parade permit for the streets of Allendale and (2) that the parade ordinance itself was unconstitutional in that it contained no procedural safeguards. We find, as did the district court, that the ordinance in question was valid and that the delay in the issuance of the permit by the Council was not unreasonable under the circumstances. We, therefore, dismiss this action.
 
 
 2
 This controversy began on April 23, 1986, when King applied to McGougan for a permit which would allow the Klan to parade on May 3, 1986. McGougan, who had never been asked to issue any permit other than that for the annual Christmas and Spring parades, explained to King that the application would need to be submitted to Town Council for its approval. McGougan further explained that Town Council would not meet until May 13, 1986, thereby making the requested parade date of May 3, 1986, impossible. At the meeting of the Council on May 13, no one representing the appellants appeared but the Council did approve the application for a Klan parade to be held at some future date. Plaintiffs never inquired of Town Council or McGougan as to whether the permit had been granted. Rather, on July 17, 1986, plaintiffs filed the complaint which gave rise to this action.
 
 
 3
 Plaintiffs contended that their First Amendment rights were violated by the Town of Allendale's delaying the grant of a parade permit. Plaintiffs further challenged the parade ordinance itself as being unconstitutional in that it contained no procedural safeguards. Defendants, on the other hand, asserted that the delay in granting the permit was a reasonable one and that the ordinance was constitutional as a reasonable restraint on time, place, and manner.
 
 
 4
 Plaintiffs made no showing of any deprivation of their constitutional rights by application of the local ordinance. Plaintiffs requested a parade permit; within three weeks of the request, the permit was granted by Town Council at its regularly scheduled meeting. Plaintiffs never inquired as to whether this permit had been granted. Rather, plaintiffs waited more than one month from the time they were advised the permit had been granted and then commenced this action. Defendants never denied or even insinuated that they might deny plaintiffs' application for a parade permit. A mere delay of three weeks in granting the permit simply does not rise to the level of a constitutional deprivation.
 
 
 5
 Absent a deprivation of their constitutional rights, the plaintiffs have established no right of action, and this action is therefore
 
 DISMISSED